UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X   Case No.:1:21-cv-3852

CONSOLIDATED EDISON COMPANY OF NEW
YORK, INC.

                              Plaintiffs,   **COMPLAINT FOR**
                                        **DECLARATORY**
     -against-   **JUDGMENT WITH**
                                        **JURY DEMAND**

NEW YORK MARINE & GENERAL INSURANCE
COMPANY
                              Defendant,
------------------------------------------------------------------X

        Plaintiff, CONSOLIDATED EDISON COMPANY OF NEW YORK, INC. ("CON ED") by and through their attorneys, Kritzer Law Group, as and for its Complaint against the Defendant, NEW YORK MARINE & GENERAL INSURANCE COMPANY (NEW YORK MARINE) respectfully alleges, upon information and belief as follows:

     1.     CON ED seeks a Declaration that NEW YORK MARINE had a duty to defend and indemnify CON ED under NEW YORK MARINE Policy GL201200000161 which was issued to D'Onofrio General Contractors Corp. (D'Onofrio) in relation to any claims relating to an underlying action titled Brenda Dow v. Consolidated Edison Company of New York, Inc. bearing Index no. 10570/14 of the Supreme Court of the State of the New York, County of Kings ("underlying action").

     2.     NEW YORK MARINE failed to timely disclaim coverage pursuant to New York State Insurance Law Section 3420.

## THE PARTIES

     3.     That at all times hereinafter mentioned, CON ED was and still is a corporation organized and existing under and by virtue of the laws of the State of New York. CON ED has its principal place of business in New York, New York.

4.      That at all times hereinafter mentioned, NEW YORK MARINE was and still is a Delaware corporation. NEW YORK MARINE has its principal place of business in Morristown, New Jersey.

## JURISDICTION AND VENUE

5.      This is an action for declaratory judgment under 28 U.S.C. 2201. This Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. 1332 because there is complete diversity of citizenship between plaintiff and defendant and the amount in controversy exceeds the sum of seventy-five thousand dollars ($75,000), exclusive of interest and costs. Specifically, plaintiff seeks reimbursement for the settlement amount of $425,000 paid by CON ED in the underlying action together with expenditures in the defense of the underlying action.

6.      This is an action for declaratory judgment under 28 U.S.C. 2201. This Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. 1332 because there is complete diversity of citizenship between plaintiff and defendant and the amount in controversy exceeds the sum of seventy-five thousand dollars ($75,000), exclusive of interest and costs. Specifically, plaintiff seeks coverage for claims against it in the underlying action which was settled in the amount of $425,000.

7.      Personal jurisdiction is appropriate as to all parties. Personal jurisdiction is appropriate as NEW YORK MARINE conducts business within this State. As this suit seeks judicial determination as to whether there is coverage under the policy of NEW YORK MARINE for CON ED, this Court has specific jurisdiction over this declaratory judgment action.

8.      Venue is proper pursuant to 28 U.S.C. 1391 (b)(2) in that a substantial part of the events giving rise to the claims at issue occurred in this District. Specifically, the Underlying Action for which coverage is sought was filed in the Supreme Court of the State of New York,

Kings County and the plaintiff in the underlying action alleges to have been a resident of Kings County at all relevant times.

## THE INSURANCE POLICY

9. NEW YORK MARINE issued a Commercial General Liability Policy GL201200000161 to D'Onofrio which was in effect from July 9, 2012 to July 9, 2013.

10. Pursuant to the terms of the policy issued to D'Onofrio, CON EDISON was an additional insured.

## THE UNDERLYING ACTION

11. That heretofore, an action was commenced against CON ED by the filing of a summons and complaint in an action entitled Brenda Dow, Plaintiff vs. Consolidated Edison Company of New York, Inc. (Con Ed) defendant in the Supreme Court, Kings County under Index no.: 10570/14.

12. The plaintiff in the Underlying Action alleged that she sustained bodily injuries when she slipped and fell on snow and ice at the Ravenswood Facility located at 3854 Vernon Boulevard, Queens, New York on February 9, 2013 due to the negligence of CON ED.

13. CON ED entered into an agreement with D'Onofrio wherein D'Onofrio agreed to perform snow removal operations at the Ravenswood facility.

14. Pursuant to the agreement, CON ED was to be an additional insured under the policy of general liability insurance issued to D'Onofrio.

## CORRESPONDENCE

15. The defense of the underlying action was tendered by CON ED to NEW YORK MARINE on or about September 8, 2016.

16. NEW YORK MARINE responded by letter dated October 7, 2016, acknowledging the tender of CON ED.

17. Thereafter, NEW YORK MARINE did not reserve its rights under the policy.

18. No action was taken by NEW YORK MARINE from the date of the acknowledgement of the claim until the untimely disclaimer of NEW YORK MARINE four years later.

19. NEW YORK MARINE was obligated to assume the defense of CON ED upon tender.

20. A third-party action was commenced in the underlying action by CON ED against D'Onofrio.

21. An order granting summary judgment to D'Onofrio, dated August 4, 2020, was issued.

22. NEW YORK MARINE issued a disclaimer of coverage on or about November 17, 2020.

23. After the disclaimer of coverage, CON ED settled the underlying action in the amount of $425,000.

## CAUSE OF ACTION FOR DECLARATORY RELIEF

24. CON ED repeats and re-alleges each and every allegation set forth in Paragraphs "1" through "23" above as if fully set forth herein.

25. The risk of the claims of the plaintiff in the underlying action are covered by the coverage portion of the policy issued by NEW YORK MARINE to D'Onofrio.

26. The denial of coverage by NEW YORK MARINE was based on a policy exclusion.

27. NEW YORK MARINE was obligated to provide notice of disclaimer of coverage as soon as was reasonably possible.

28. NEW YORK MARINE failed in its obligation to provide notice of disclaimer of coverage as soon as is reasonably possible.

29. As a result of the failure of NEW YORK MARINE to timely disclaim coverage, it is obligated to indemnify CON ED for the settlement amount as well as all costs and expenses in defending the underlying action.

## DEMAND FOR JURY TRIAL

30. Pursuant to Federal Rule of Civil Procedure 38, CON EDISON hereby demands a trial by jury in the above-captioned action of all issues triable by jury.

**WHEREFORE,** the plaintiff, respectfully demands judgment of this Court declaring:

1. That CON ED is an additional insured under the policy of general liability insurance issued by NEW YORK MARINE to D'Onofrio.

2. That the plaintiff CON ED is entitled to coverage for the underlying action under the policy of liability insurance issued by NEW YORK MARINE to D'Onofrio.

3. That NEW YORK MARINE was obligated to timely disclaim coverage to CON ED.

4. That NEW YORK MARINE failed to timely disclaim coverage to CON ED.

5. That NEW YORK MARINE was obligated to defend and indemnify CON ED in the underlying action.


6. That NEW YORK MARINE is obligated to reimburse CON ED for the settlement amount and all defense costs and expenses incurred in the underlying action.

7. That CON ED have judgment for the costs and disbursements incurred in prosecuting the within declaratory judgment action and

8. That CON ED have such other and further relief as to this Court may seem just and proper.

Dated: Smithtown, New York
      June 28, 2021

    Yours, etc.

    KRITZER LAW GROUP

    By: _/s/ Karl Zamurs_
    KARL ZAMURS
    Attorneys for Plaintiff
    **CONSOLIDATED EDISON COMPANY OF NEW YORK, INC.**
    180 East Main Street, Suite 204
    Smithtown, New York 11787
    (631) 979-4777

TO: NEW YORK MARINE AND GENERAL
     INSURANCE COMPANY
     412 Mt. Kemble Avenue
     Suite 300C
     Morristown, New Jersey 07960

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
CONSOLIDATED EDISON COMPANY OF NEW YORK, INC.

                         Plaintiff,

      - against -

NEW YORK MARINE & GENERAL INSURANCE COMPANY

                         Defendant,
--------------------------------------------------------------X

Case No.:

**NOTICE OF APPEARANCE/ APPEARANCE OF COUNSEL**

**To:** The Clerk of the Court and all parties of record.

     **I am admitted or otherwise authorized to practice in this Court, and I appear in this case as counsel for Plaintiff CONSOLIDATED EDISON COMPANY OF NEW YORK, INC.**

     **PLEASE TAKE NOTICE**, that Plaintiff CONSOLIDATED EDISON COMPANY OF NEW YORK, INC. hereby appears in the above entitle action by the undersigned attorney who has been retained as attorney for the plaintiff herein, and that all papers in this action should be served upon the undersigned at the office stated below.

Dated: Smithtown, New York
       July 8, 2021

                                    Yours, etc.

                                    KRITZER LAW GROUP

                                    By: _____/s/ Karl Zamurs_____
                                    KARL ZAMURS
                                    Attorneys for Plaintiff
                                    **CONSOLIDATED EDISON COMPANY OF NEW YORK, INC.**
                                    180 East Main Street, Suite 204
                                    Smithtown, New York 11787
                                    (631) 979-4777

TO:    NEW YORK MARINE AND GENERAL INSURANCE COMPANY
          412 Mt. Kemble Avenue, Suite 300C
          Morristown, New Jersey 07960

TO: NEW YORK MARINE AND GENERAL
INSURANCE COMPOANY
412 Mt. Kemble Avenue
Suite 300C
Morristown, New Jersey 07960